In the Matter of the Application of WALTER B. ELLIS, Respondent, to Compel the BUFFALO, LOCKPORT AND ROCHESTER RAILWAY COMPANY, Appellant, to Erect a Farm Crossing under Its Right of Way and to Fix the Location of Such Crossing.

Fourth Department, March 4, 1908.

**Real property — grant to railroad reserving grade crossings — right to subway crossings.**

A deed of land to a railroad company, which provides that the grantor shall have three surface grade crossings at points to be designated by him shows that the grantor, with full knowledge of the lay of his farm and the uses to which the various parts were put, thought that such crossings were all that were "reasonably necessary," and he cannot later compel the road to construct a subway crossing for his accommodation, although he offers to surrender some of his rights to grade crossings.

It is immaterial that the grantor was ignorant of the contemplated grade, for, if so, he could have withheld the deed until the grade was established for his information.

The parties having established their respective rights between themselves without the assistance of the courts and regardless of the statute, the court has no right to interfere.

APPEAL by the Buffalo, Lockport and Rochester Railway Company from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Niagara on the 26th day of September, 1907, disapproving a referee's report and directing that the prayer of the petitioner be granted.

*Charles G. Signor* and *Charles B. Hill,* for the appellant.

*George F. Thompson,* for the respondent.

Order reversed and petition dismissed, with costs, on the opinion of FROST, referee.

All concurred.

The following is the opinion of the referee:

FROST, Referee:

This proceeding is commenced for the purpose of compelling the construction of a subway under the tracks of the Buffalo, Lockport

and Rochester Railway Company at a point about 1,000 feet east of the westerly line of the petitioner's farm.

On the 26th day of June, 1906, the petitioner conveyed to the railroad company a strip of land sixty-six feet wide through his premises, and in the deed it was provided as follows: " It is further understood that the first party shall have the right to three surface grade crossings, at points on above-described lands, to be designated by first party."

A fair construction of the language above quoted, under the surrounding circumstances, is that the petitioner by its terms reserved the right and limited himself to the right to three surface grade crossings all told, whether necessary or not, to be located by him notwithstanding the provisions of section 32 of the Railroad Law ;* that three surface grade crossings were all the crossings of any kind in his judgment "reasonably necessary" for his use as owner of the adjoining lands. Under said agreement he is entitled to three, and the company is bound to construct three grade crossings when and where the petitioner indicates, whether in the judgment of the company or even in his own judgment the same are all "reasonably necessary" or not. The same would be true had the petitioner reserved ten crossings instead of three. The petitioner has located one crossing under said contract. No elements now enter into the situation that were not known to and most likely considered by the petitioner at the time of the execution and delivery of the deed. At the time of the preparation of the deed in question the petitioner knew of what he claims to be the only spring upon the premises ; his usual course of husbandry; the number of grazing animals usually kept by him upon the premises; the location of his pasture lands and the lowest depression in the natural grade of the land in the line of the proposed railroad, and he delivered the deed containing the provision above quoted, knowing all these facts. Subsequently he opened negotiations with the railroad company, with a view to surrendering some of his rights to crossings at grade for one subway. These negotiations continued for some time, without a hint or suggestion but that he would pay the difference in the expense of construction, thus showing clearly the construction put

---

* Laws of 1890, chap. 565, § 32, as amd. by Laws of 1892, chap. 676.— [REP.

upon the covenant or agreement by the now complaining party. What he now claims to be the most important crossing he did not reserve or mention in the deed. He was evidently unwilling to leave the subject to his statutory rights, or he would have given the deed without conditions.

Counsel for petitioner urges that at the time of giving the deed the petitioner was ignorant of the grade at which the tracks would pass the lowest point of depression in the surface of the right of way. He could not have been entirely ignorant. His knowledge of the surface of the land must have enabled him to judge the grade approximately, and if this were not sufficient he could have compelled the establishment of the grade for his information, or withheld the deed. My judgment is that the parties have treated upon the subject and established by themselves, without the assistance of the court, and regardless of the statute, exactly what their respective rights are, and as they must remain, and that the court has no right to interfere.

If the owner may waive or release the statutory obligations as asserted in *Smith* v. *N. Y. & Oswego Midland R. R. Co.* (63 N. Y. 61) then he certainly may limit himself as to the number and the kind of crossings to which he is entitled.

Three surface grade crossings are all that are "reasonably necessary" to accommodate the owner, and if located with reference to distances, would require traveling but about 400 feet from any point on the line of the road to reach a crossing; besides, the highway affords some relief, while three surface grade crossings and one subway are more than are "reasonably necessary" to accommodate the owner.

It is doubtless true that a subway would afford additional convenience to the owner, but the position in which he has placed himself seems to have precluded any assistance from the courts.

The conclusion reached requires a dismissal of the petition, and that course is recommended.